[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff alleges that he paid certain premiums for disability insurance coverage and that the defendant insurer has failed to honor the policy. He also alleges that he submitted a claim under the policy, but that instead of paying the claim, the insurer canceled the policy, despite the fact that there was a covenant not to contest the policy other than for nonpayment of premium. Although the covenant was not effective until after the expiration of a two-year period from the effective date of the policy, he contends that the insurer did not take the actions complained of until after the two-year period had expired. Finally, the plaintiff asserts that the actions of the insurer and its agent violated the Connecticut Unfair Trade Practices Act ("CUTPA") and the Connecticut Unfair Insurance Practices Act ("CUIPA").
Because the plaintiff suffers from AIDS, he has already successfully moved to seal the file. Furthermore, in response to the court's invitation, the parties have agreed that the plaintiff may proceed under the fictitious name of Michael Doe. The plaintiff now seeks a protective order pursuant to General Statutes § 19a-583[1] so as to limit dissemination of AIDS related information in discovery. He argues that the statute's non-disclosure requirement necessitates limiting disclosure so as to protect the privacy interests of the HIV positive party, and that the statute's history reveals that the legislature recognized the value that confidentiality plays not only in HIV testing and treatment, but also in protecting those afflicted with HIV or HIV-related illness from discrimination.
The defendant Protective Life does not object to the concept of a protective order but suggests that the broad order proposed by the plaintiff unfairly hampers its ability to defend. The defendant Farricielli argues that the limitations on disclosure of "confidential HIV-related information," pursuant to General Statutes § 19a-583 are inapplicable in this case as the statute only prohibits HIV information received through CT Page 1775 confidential sources such as medical releases.
The latter contention is disposed of by a review of the wording of the statute itself. General Statutes § 19a-583
prohibits disclosure of "confidential HIV-related information," which is defined in § 19a-581(8) in the disjunctive as information pertaining to a protected individual (one who has been diagnosed as having HIV, according to § 19a-581(7)) or information obtained pursuant to a confidential release.[2]
The debates concerning General Statutes § 19a-583 reveal a legislative strategy for controlling the spread of AIDS through confidential testing and treatment. One of the bill's sponsors, Representative Benjamin N. Dezinno, Jr., explained that the bill "[was intended to] protect the confidentiality of data related to AIDS, requires informed consent for tests for the AIDS virus, and allows for notification of partners of those that are so infected." 32 H.R. Proc., Pt. 31, 1989 Sess., p. 10, 775. He reasoned that in order to "wipe out or hope to wipe [out] this horrible epidemic in our lifetime . . . [w]e have to start with protecting . . . confidentiality . . . [b]ecause people will not step forward for testing and treatment of AIDS unless they know that a positive result will not become public information. Now unfortunately, there is widespread discrimination against the AIDS victim, and many people would rather forego treatment, than risk being stigmatized." Id., p. 10,776.[3]
In Doe v. Marselle, 236 Conn. 845, 862 (1996), the defendant physician had authorized his agent, the defendant surgical assistant, to disclose to the plaintiff's sons, who were illegal drug users and who had friends in common with the plaintiff, that the plaintiff Doe was HIV positive. Id., 847. The Supreme Court had been asked to review the Appellate Court finding that stating a cause of action for violation of General Statutes §19a-593, pursuant to General Statutes § 19a-590,[4]
required a plaintiff to allege that the defendant intended to engage in the prohibited conduct and intended to produce the resulting injury. The court observed that the disclosure of a party's positive HIV status constituted a disclosure of "confidential HIV-related information within the meaning of [General Statutes § 19a-583]." Id., 860.
In holding that a willful disclosure of confidential HIV-related information meant "a knowing disclosure," and thus reversing the Appellate Court, the Supreme Court reasoned that a CT Page 1776 legislative history which revealed an intent to "combat the AIDS epidemic, beginning with protecting confidentiality"; Doe v.Marselle, supra, 236 Conn. 852; and "[the resulting] elaborate statutory safeguards imposed against disclosure of HIV-related information, [made it] difficult to presume a definition of willful that would make permissible [any] unauthorized disclosure . . . except . . . where the person disclosing the information actually intends to injure the protected individual."Id. 859. The court thus found that the defendant physician made a willful disclosure in "affirmatively authorizing" his agent to disclose the plaintiff's HIV status: the "disclosure [of Doe's HIV status] clearly falls within the definition of confidential HIV-related information set forth in § 19a-581(8)." (Internal quotation marks omitted.) Id., 862.
In Barese v. Clark, Superior Court, judicial district of New Haven, Docket No. 389890, (November 6, 1996) (McMahon, J.) (18 CONN. L. RPTR. 195, 197), the court denied the defendant prosecutor's motion to strike the plaintiff's complaint sounding in defamation, fraud, and intentional infliction of emotional distress. It reasoned that in light of the statutory protection of confidential HIV information in Connecticut, it was not clear that the defendant prosecutor was absolutely immune from liability for revealing at a sentencing hearing that a party who had bitten the plaintiff while burglarizing her home was infected with HIV.
The issue of HIV status disclosure in the context of discovery arose in the case of Doe v. Meachum, 126 F.R.D. 437
(D.Conn. 1988), and while the limitations placed on disclosure of the plaintiffs' HIV status were not made pursuant to General Statutes § 19a-583, the court's policy reasons for granting the plaintiffs' motion for a protective order, together with the court's ruling on the parties' subsequent motions to modify the protective order, are nonetheless instructive.
In Doe v. Meachum, supra, 126 F.R.D. 443, the plaintiffs brought a class action challenging, on a statewide basis, the manner in which the Connecticut Department of Correction handled inmates who have or who are believed to have AIDS. The plaintiffs moved for a protective order placing strict parameters on the defendants' ability to disclose the identities of the named plaintiffs and putative class members. The magistrate judge had granted the plaintiffs' motion for a protective order, setting the following parameters on the defendants' ability to disclose CT Page 1777 the identities of the named plaintiffs: (1) "[disclosure] to the named defendants to the extent necessary to litigate the case"; (2) "[disclosure]" to other persons upon notice to the plaintiffs' counsel and application to the court"; and (3) "[disclosure] for exigent penal or law enforcement purposes." Id., 439. The district court, in affirming the magistrate's order, held that the magistrate was correct in concluding "that [the] plaintiffs have a significant privacy interest in their identities as HIV victims when revealed in their own responses to discovery . . ."; id.; particularly where "information about the suspected or actual status of inmates as HIV carriers has already been widely disseminated . . . and that this dissemination has resulted in harassment and sometimes violence directed at plaintiffs." (Citations omitted.) Id. The district court also affirmed that the order's requiring that the defendants notify the plaintiffs before disclosure of the plaintiffs' HIV status to potential defendant witnesses correctly balanced both parties' need. Id., 440. "[O]nly the names of the [defendant] witnesses will be revealed and not the substance of the contacts. Once plaintiffs have agreed to, or the court has approved, disclosure to a particular person . . . independent approval need not be sought for subsequent disclosure to that person." Id.
The district court also affirmed the magistrate's granting of the plaintiffs' subsequent motion as to the plaintiffs' using fictitious names when testifying. The court reasoned that the plaintiffs' use of fictitious names without testimony of sufficiently detailed nature to compromise their identities, was analogous to cases involving abortion, mental illness, personal safety, homosexuality, trans-sexuality, illegitimacy, and abandonment of children, the common thread being the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record. Id., 453. The district court also affirmed the magistrate's denial of the plaintiffs' subsequent motion to testify in chambers with a redacted tape of the testimony thereafter released to the public and press, as such in camera testimony would exclude the press and public from access to complete court proceedings. Id., 460.
It is thus apparent that our statutes mandate diligent efforts to protect individuals from the disclosure of their HIV status and that some form of protective order is appropriate in this case to protect this plaintiff's privacy right with regard to his being HIV-positive. The inquiry, therefore, must now turn CT Page 1778 to whether the broad protections proposed by the plaintiff are appropriate, or whether some less stringent restrictions on discovery can be employed to accomplish the legitimate purposes of the statute and of a protective order. This court agrees with the court in Doe v. Meachum that a protective order should limit "[disclosure] to the named defendants to the extent necessary to litigate the case" and that it should consider "[disclosure]" to other persons upon notice to the plaintiffs' counsel and application to the court." Unlike the situation in Doe, there is no need to be concerned about "[disclosure] for exigent penal or law enforcement purposes."
The plaintiff requested the following order:
 That no discovery shall take place in this case except in strict accordance with the following:
 1. No one connected with this litigation, including but not limited to any party to this case, counsel for a party, nor any agent, or employee of such party shall directly or indirectly divulge or allow to be divulged the AIDS status of plaintiff or any information regarding the plaintiff to any person or entity whatever, except with the specific prior approval of the plaintiff or the court, after notice to the plaintiff. Permission will not be granted under any circumstances unless and until the proposed recipient signs an agreement, acceptable in form to the court, acknowledging the reading and understanding of this order, and promising, under pain of contempt, not to reveal such information any further.
 All information concerning the plaintiff held by anyone connected with this litigation as aforesaid shall be kept secure, and be made available for destruction at the conclusion of this litigation or at any other such time as this court may order.
 2. Any document filed in this cause that could directly or indirectly reveal plaintiff's AIDS status must be filed under seal, to be opened only under order of this court.
 3. Any deposition of the plaintiff will be either (a) "veiled deposition" wherein the physical characteristics and appearance of the plaintiff are not disclosed; or (b) a deposition by written question only. CT Page 1779
 4. Any deposition with the plaintiff physically present must be taken with no person present other than a person who is permitted to be present pursuant to compliance with paragraph one hereof. This restriction specifically includes any court reporter or other person engaged to record testimony. Such deposition should be rescheduled for a time at which the court will be available to rule on objections to questions. If it is not feasible, then questions not objected shall be answered at the deposition, and a record made of the objected to questions, including the basis for objection, which record shall be forwarded (under seal, in keeping with the general provisions of this order) to the court for resolution.
 5. All depositions and interrogatories in this matter will be kept under seal pending further order of this court.
 6. Any interrogatories to be propounded will first be submitted to the court for approval.
The order proposed by the plaintiff is far more restrictive than is necessary to accomplish the purposes of the statutory confidentiality provisions with regard to HIV positive persons. Those purposes, as well as the legitimate purposes of civil discovery, may be accomplished by entry of the following order:
1) No one connected with this litigation, including but not limited to any party to this case, attorney for a party, nor any agent, or employee of such party or attorney shall directly or indirectly divulge or allow to be divulged the HIV and/or AIDS status of plaintiff, or any information regarding the plaintiff's identity, to any person or entity whatever, except with the specific prior approval of the plaintiff or the court, after notice to the plaintiff. Permission will not be granted unless the proposed recipient has signed an agreement, in a form acceptable to the court, acknowledging the reading and understanding of this order, and promising not to reveal such information any further, provided, however, that permission need not be sought prior to an attorney's discussing such information with his or her clients or with other attorneys and employees in his or her firm, who will also be bound by the terms of this order.
2) All information concerning the plaintiff held by anyone connected with this litigation shall be kept secure and be made CT Page 1780 available for destruction at the conclusion of this litigation or at any other such time as this court may order.
3) Any document filed in this case that could directly or indirectly reveal plaintiff's HIV and/or AIDS status must be filled under seal, to be opened only under order of this court.
4) Any deposition with the plaintiff physically present must be taken with no person present other than a person who is in compliance with the provisions of paragraph one of this Order. Questions shall be answered at the deposition in accordance with the standard rules governing depositions, and a record made of any objected to questions, including the basis for objection, which record shall be forwarded to the court under seal for eventual resolution.
5. All depositions and interrogatories in this matter will be kept under seal pending further order of this court.
SILBERT, J.